NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 09-CV-44-HRW

VINCENT D. ADAMS                                                                            PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

JOHN MOTLEY, et al.                                                                       DEFENDANTS

\*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*

Vincent D. Adams, an individual currently in the custody of the Kentucky Department of Corrections ("KDOC") and incarcerated in the Kentucky State Reformatory, has submitted a *pro se* civil rights Complaint, pursuant to 42 U.S.C. § 1983, complaining of events occurring during his previous incarceration at the Eastern Kentucky Correctional Complex ("EKCC"). An accompanying Motion to Proceed in this action *in forma pauperis* was granted by this Court *via* an earlier Order.

The Complaint is now before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). As Plaintiff is appearing *pro se*, his Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Plaintiff's allegations are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss a case at any time if it determines the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2); 1915A(b).

**CLAIMS**

Adams claims that the Defendants' freezing of the funds in his inmate account is contrary to (1) the United States Constitution's guarantee of due process and its prohibition of cruel and unusual punishment; and (2) Kentucky law, including its Constitution and KDOC Policies and Procedures ("CPP") at CPP 15.7.[1]

**DEFENDANTS**

As the Defendants, Plaintiff has named the following EKCC personnel: Warden John Motley; Deputy Wardens Rob Howerton and John Holloway; accountants in charge of inmate accounts Tammy Cooper, Nova Roe, and Linda Montgomery; and the following grievance committee members: an "N.S.A." named "Heather Nickell" in the Medical Department, a "C.T.O./Case Worker" named Mr. Shelby Kash, Justin Brown, Gary Wallace, and Vickie Henly.

**RELIEF SOUGHT**

Plaintiff seeks damages, including punitive damages.

**FACTUAL ALLEGATIONS**

Adams claims that the funds in his inmate account in the hands of the KDOC have been "100% frozen," since July or October of 2003.

Plaintiff attaches a court Order which demonstrates that he is an indigent, having been permitted to proceed *in forma pauperis* in *Adams v. Morris, et al.*, W.D.Ky. No. 3:02-CV-P403-H, and he states that he does not object to the Court's order in that case for him to make installment payments toward that District Court filing fee, as "due process was rendered." Exhibit [hereinafter

---

[1] The KDOC has promulgated a set of administrative regulations at 501 K.A.R. 6:020. These regulations, referred to as "Corrections Policies and Procedures" ("CPP"), govern prison procedures. CPP 15.7, titled *Inmate Account Restriction*, explains its basis and the possibility of freezing an inmate's account.

2

"Ex."] E. Consistent with 28 U.S.C. § 1915(b), the amount taken from his inmate account monthly is limited. The deduction may be taken only in those months in which his income totals more than $10.00, and even then, the installment amount is limited to only twenty percent (20%) of his income.

Plaintiff also alleges that "another rendering of due process was held at the [EKCC] in a disciplinary hearing which allowed for a Fifty percent (50%) deduction," to pay the fine ordered in that disciplinary proceeding. Further, he claims to understand that he must pay to see medical staff and to pay for legal copies and postage. His complaint is that the EKCC inmate accounts department has not acknowledged the 50% limit set in its own regulation. The department employees take not just 50% of his income, but 100%, despite the 50% limit in CPP 15.7.

The majority of Plaintiff's exhibits show that he complained of the freezing of his funds via a grievance, a part of the administrative remedy process, in 2006, again in 2008, and may have done so most recently, in 2009. He claims to have exhausted the KDOC's administrative scheme,[2] and he attaches two documents signed by the KDOC Commissioner, the last level of that process.

In Adams' Grievance Number 08-423, the Commissioner has written that "the institution should only be taking 50% of your funds. However, the policy is somewhat confusing on this matter and it will be revised to reflect the procedure for deducting 50% of funds for any type of debt." Ex. A, dated December 19, 2008. Another exhibit is a one-paragraph memorandum from the grievance

---

[2] The KDOC's administrative remedy process is set out in CPP Number 14.6, entitled *Inmate Grievance Process,* and it explains the steps which State inmates are required to pursue in order to exhaust the grievance procedures. The four-step process for non-health care types of grievances is found in CPP 14.6 § II(J)(1)-(4). Under this process, an inmate must file a written grievance and seek an Informal Resolution (§ II(J)(1)(a)and (b) ( "**Step 1**"). If not satisfied there, he must make a written request that the Grievance Committee hold a hearing to consider his grievance (§ II(J)(2) ( "**Step 2**"). If not satisfied with the Grievance Committee's disposition, he may appeal to the Warden. *See* § II(J)(3)("**Step 3**"). Finally, if not satisfied with the Warden's decision, an inmate may file an appeal to the KDOC Commissioner. *See* § II(J)(4)("**Step 4**"). Time frames for appeals and responses are established within the regulation.

coordinator dated three months later and directed to the entire inmate population. It references "R09-149" and contains the Commissioner's signature below the following:

> I have reviewed your grievance. As I stated in an earlier Commissioner's decision[,] CPP 15.7 is being changed to reflect that only 50% of all incoming funds and state pay will be applied to debts. In addition, the computer program is being changed to come in line with this directive. However, EKCC should only be deducting 50% from inmate accounts to pay debts due to my previous decision. Therefore, the institution will be contacted to ensure my earlier decision is being implemented. This should clear up any confusion. No further response necessary.

Ex. I, dated March 23, 2009. Nonetheless, Plaintiff alleges that as of the date of his signing the verified Complaint in this case, May 28, 2009, he was still losing 100% of his income.

Plaintiff alleges that because he does not have the 50% of his income to which he is entitled, the EKCC Defendants are maliciously violating due process and also inflicting cruel and unusual punishment by depriving him of necessary items normally provided to indigent prisoners. He complains that he cannot buy personal items such as deodorant, a soap to which he is not allergic, lotion for his hands which dry out and bleed from the harsh State-supplied soap to which he is allergic, and over the counter medication to relieve his arthritis; additionally, he cannot obtain writing paper, envelopes, and postage for personal letters.

## DISCUSSION

To establish a right to relief under § 1983, the Plaintiff must plead and prove two essential elements. He must show both that he has been deprived of rights secured by the Constitution or laws of the United States and that the Defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

In the instant case, the Plaintiff has named KDOC employees as the Defendants, all of whom

purportedly had the authority to handle different aspects of Plaintiff's incarceration and were involved in the wrongful and protracted freezing of his account. Thus, he has satisfied the "state actor" requirement. He has also alleged the other requisite for a Section 1983 civil rights action, as he claims violations of the U.S. Constitution in the taking of his funds without due process and in imposing upon him the described conditions of his confinement without funds for personal items.

Additionally, the Plaintiff has alleged exhaustion of the KDOC administrative remedy process, and he urges State claims over which the Court may exercise supplemental jurisdiction. Accordingly, and the Court being otherwise advised,

**IT IS HEREBY ORDERED** as follows:

(1) The Defendants in this action are John Motley; Rob Howerton; John Holloway; Tammy Cooper; Nova Roe; Linda Montgomery; Heather Nickell; Mr. Shelby Kash; Justin Brown; Gary Wallace; and Vickie Henly, all in their official and individual capacities.

(2) The Clerk of the Court is directed to forward by certified mail, return receipt requested, one copy of the Complaint and the instant Memorandum Opinion and Order to the Office of General Counsel for the Kentucky Department of Corrections, Frankfort, Kentucky. General Counsel shall have ten (10) days from the date of entry of this Order to complete and file a notice of waiver of service against any or all of the named Defendants.

If a waiver is not filed within said ten (10) days, the Clerk shall notify the Pro Se Office.

(3) The Answer to the Complaint shall be filed no later than 60 days after the notice of waiver of service is filed. However, if no notice of waiver of service is filed, then the Answer shall be filed no later than 20 days after service of each summons.

(4) The Plaintiff shall keep the Clerk of the Court informed of his current mailing

address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(5) For every further pleading or other document he wishes to submit for consideration by the court, the Plaintiff shall serve upon each Defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each Defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This August 19, 2009.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge